# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WILLIAM BILLY GENE CARTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-4174-CV-C-NKL |
| | ) | |
| KEITH SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Schaefer and Martin-Forman, through counsel, hereby move the Court to dismiss plaintiff's complaint on the basis of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In support of their motion, defendants state the following:

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### Introduction

The allegations arise from plaintiff's commitment under the Sexually Violent Predator Act, §632.480 RSMo. Plaintiff is currently committed at Fulton State Hospital. He sues defendants under 42 U.S.C. §1983, alleging retaliation by defendant Schaefer (Director of the Missouri Department of Mental Health) and defendant Martin-Forman (Chief Operating Officer, Fulton State Hospital). According to plaintiff, defendants transferred him to a Super Maximum Security Sexually Violent Predator Facility located in the

Fulton State Hospital on October 31, 2011. Plaintiff claims that this transfer was in retaliation for exercising his constitutional right to seek release from confinement. He seeks $181,250.35 in damages, and injunctive relief protecting his right to be free from retaliation.

## Standard of Review

When considering a motion to dismiss for failure to state a claim, a court must liberally construe the complaint in favor of the plaintiff, accepting all material allegations of fact in the complaint as true. *May v. Comm'r of Internal Revenue*, 752 F.2d 1301, 1303 (8th Cir. 1985). The complaint must contain facts which state a claim as a matter of law. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). When the allegations in the complaint demonstrate that the plaintiff does not have a claim, the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## Argument

### I. Plaintiff fails to state a claim of retaliation under 42 U.S.C. §1983.

Broad and conclusory allegations of retaliation are insufficient to support a claim under §1983. *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir. 1977). Rather, the plaintiff must meet "a substantial burden in attempting to prove that the actual motivating factor for his transfer was the impermissible retaliation." *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993) (quoting *Murphy*

2

*v. Missouri Dept. of Corrections*, 769 F.2d 502, 503 n. 1 (8th Cir. 1985). In cases involving retaliatory transfer claims, the Eighth Circuit applies a "but for" test. *Id*. Under this test, plaintiff has the heavy burden of showing that he would not have been transferred "but for" a retaliatory purpose. *Id*.

Plaintiff's complaint fails to meet this burden. Rather, it makes conclusory allegations of retaliation and fails to allege facts in support. Plaintiff cites only one fact supporting his claim of retaliation: that he was transferred to a different institution after filing suit. This fact of timing, without more, cannot survive a motion to dismiss. *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"). As in *Ashcroft*, plaintiff's "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).

Similarly, plaintiff does not allege that his transfer would not have happened "but for" a retaliatory purpose. Rather, he states that "there is a fairly traceable connection between plaintiff's injury and the complained-of conduct of the defendants." Doc. No. 1, at 6. Thus, he has not pled "but for" causation, which is required for a retaliation claim. *See Goff*, 7 F.3d at 737. Because plaintiff fails to properly plead facts supporting a retaliation claim,

his complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. Plaintiff has not alleged personal involvement by defendants Schaefer and Martin-Forman.

Section 1983 claims require personal involvement on the part of a defendant and cannot be based upon either respondeat superior or vicarious liability. *Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, a plaintiff must plead and prove that each defendant was personally involved in the alleged deprivation of a constitutional right. *Beck v. LaFleur*, 257 F.3d 764 (8th Cir. 2001). Personal involvement is a prerequisite to liability under § 1983. *Martin v. Sergent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In the present case, plaintiff has not pled personal involvement by defendants Schaefer and Martin-Forman. *See generally* Doc. No. 1. It is unclear from plaintiff's complaint exactly what actions these defendants took. Rather, plaintiff's complaint seems to base liability on a theory of respondeat superior. This is improper. *Canton* 489 U.S., at 385. Because plaintiff does not allege personal involvement on behalf of defendants Schaefer and Martin-Forman, his claims against them should be dismissed.

## III. Defendants Schaefer and Martin-Forman are immune from claims for monetary damages in their official capacity.

State employees, when sued in their official capacity, are not liable for

4

monetary damages under § 1983. A state official acting in his official capacity is not a "person" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, state officials cannot be sued in their official capacity under § 1983, except for injunctive relief. *Id.*; *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

In the present case, plaintiff sues defendants in their individual and official capacities. Doc. No. 6, at 5. Furthermore, he seeks monetary damages. *Id.* at 7. To the extent that plaintiff sues defendants in their official capacity for monetary damages, his claims should be dismissed.

<u>Conclusion</u>

For the forgoing reasons, defendants respectfully request that this Court dismiss plaintiff's complaint for failure to state a claim.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


*/s/ James P. Emanuel, Jr.*
James P. Emanuel, Jr.
Assistant Attorney General
Mo. Bar. No. 64833
P.O. Box 899
Jefferson City, MO 65102
Phone      (573) 751-4692
Fax          (573) 751-9456
James.Emanuel@ago.mo.gov

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013 I have mailed by United

States Postal Service the document to the following non CM/ECF

participants:

William Billy Gene Carter
Fulton State Hospital
600 E. Fifth Street
Fulton, MO 65251
*Plaintiff Pro Se*

/s/ James P. Emanuel, Jr.
Assistant Attorney General