IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WILLIAM BILLY GENE CARTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-4174-CV-C-NKL |
| | ) | |
| KEITH SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 4).**

Defendants, through counsel, offer the following suggestions in opposition to plaintiff's motion for the appointment of counsel:

Appointment of counsel is unwarranted and unnecessary in this lawsuit. There is no constitutional or statutory right to appointed counsel in civil cases. *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir.1995) (abrogated on other grounds). Among the criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the indigent person's good faith efforts to retain counsel. *Id.*; *see also In Re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

The facts of this case are not complex. Plaintiff alleges that defendants caused him to be transferred to a maximum security facility in retaliation for

filing a lawsuit. This theory should be easy for plaintiff to pursue as these claims depend on plaintiff's own actions and the responses of prison officials, which plaintiff personally witnessed. Furthermore, at this stage of the litigation, there is no conflicting testimony. Any conflicting testimony that may arise during discovery is not of a nature that plaintiff cannot handle himself.

Plaintiff—who has filed more than 80 cases in Missouri Federal Courts—has given no justification as to why he is unable to present the facts of his case. He merely states that he is entitled to redress, and that he cannot afford legal counsel. *See* Doc. No. 4. Similarly, plaintiff has not provided a credible justification for why he is unable to investigate his claims. While he states he cannot investigate his claims due to his confinement, he can still utilize all forms of written discovery to meet this end.

Because plaintiff does not meet the factors outlined in *Edgington*, his motion for appointment of counsel should be denied.

WHEREFORE, for the aforementioned reasons, defendants respectfully request this Court deny plaintiff's motion for the appointment of counsel.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ James P. Emanuel, Jr.*
James P. Emanuel, Jr.
Assistant Attorney General
Mo. Bar. No. 64833
P.O. Box 899
Jefferson City, MO 65102
Phone     (573) 751-8869
Fax         (573) 751-9456
James.Emanuel@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2013 I have mailed by United States Postal Service the document to the following non CM/ECF participants:

William Billy Gene Carter
Fulton State Hospital
600 E. Fifth Street
Fulton, MO 65251
*Plaintiff Pro Se*

*/s/ James P. Emanuel, Jr.*
Assistant Attorney General