IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WILLIAM BILLY GENE CARTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-4174-CV-C-NKL |
| | ) | |
| KEITH SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS SCHAEFER AND MARTIN-FORMAN'S
SUGGESTIONS IN OPPOSITION OF
PLAINTIFF'S DOC. NO. 30 AND 31**

Defendants Schaefer and Martin-Forman, through counsel, hereby respond to plaintiff's motion to add additional claims and defendants (Doc. No. 30) and motion to file an amended complaint (Doc. No. 31). In support of their response, defendants state the following:

1. On November 21, 2013, plaintiff, *pro se*, filed Doc. No. 30; he filed Doc. No. 31 on December 4, 2013. The Court ordered defendants to respond to plaintiff's filings on December 5, 2013. *See* Doc. No. 32.

2. Plaintiff's filings seek to amend his complaint, which was filed on June 17, 2013. *See* Doc. No. 1.

3. The underlying cause of action in this case involves allegations of a retaliatory transfer to Fulton State Hospital. *Id.*

4. Plaintiff now seeks to add claims arising from a fight between him and another Sexually Violent Predator, which occurred months after his initial complaint was filed. *See* Doc. No. 30 at ¶2.

5. In his amended complaint, plaintiff attempts to add new constitutional claims against 14 additional defendants.

6. Plaintiff's amended complaint thus contains substantially different facts, legal theories, and defendants.

7. Although the Federal Rules provide that leave to amend should be freely given when justice so requires, "there is no absolute or automatic right to amend." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). Leave to amend is properly denied where a *pro se* plaintiff seeks to add "numerous new defendants, many with little connection with any of the events set out in the original complaint." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992); *see also Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 89 (8th Cir. 1994) (motion for leave to amend denied where "amended complaint sought to add ten additional defendants and substantially different claims arising from fundamentally different facts.").

8. Like the plaintiffs in *Brown* and *Fuller*, plaintiff seeks to add numerous new defendants with no connection to the underlying cause of action. He attempts to assert new constitutional claims arising from facts that

occurred months after his complaint was filed. As in *Brown* and *Fuller*, plaintiff's motion for leave to amend should be denied.

9. A ruling denying leave to amend would not foreclose plaintiff from raising his new claims in another action.

WHEREFORE, for the forgoing reasons, defendants respectfully request that this court deny plaintiff's motion to amend the pleadings.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/ James P. Emanuel, Jr.*
James P. Emanuel, Jr.
Assistant Attorney General
Mo. Bar. No. 64833
P.O. Box 899
Jefferson City, MO 65102
Phone    (573) 751-8869
Fax        (573) 751-9456
James.Emanuel@ago.mo.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2013 I have mailed by United States Postal Service the document to the following non CM/ECF participants:

William Billy Gene Carter
Fulton State Hospital
600 E. Fifth Street
Fulton, MO 65251
*Plaintiff Pro Se*

/s/ *James P. Emanuel, Jr.*
Assistant Attorney General